# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### FORT WAYNE DIVISION

| | | |
|---|---|---|
| TYRUS MCNAIR, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 1:02-CR-12 |
| | ) | (1:17-CV-494) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

This matter is before the Court on the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed by petitioner Tyrus McNair on April 12, 2017 (Docket Entry 262). The United States filed a response in opposition to the motion (DE 272) and McNair filed a reply (DE 273). For the reasons discussed below, the Court concludes that it lacks jurisdiction to entertain the motion until McNair obtains permission from the Seventh Circuit Court of Appeals to file a second or successive habeas petition. Accordingly, the motion to vacate (DE 262) is DISMISSED FOR LACK OF JURISDICTION. The Public Defender is instructed to file, within seven days of the date of this Order, either a renewed motion to withdraw or a notice to the Court of their intention to continue representing McNair.[1]

---

[1] The Public Defender filed a motion to withdraw as McNair's counsel several months ago but the Court denied the motion without prejudice (as discussed below). Since the Court concludes that McNair cannot proceed absent permission from the Seventh Circuit, a petition he is no doubt capable of filing himself given his experience as a prisoner litigator, the Public Defender's office is directed to file with the Court either a renewed motion to withdraw or a notice stating their intention to continue representing McNair at this juncture.

**DISCUSSION**

**I. Procedural history.**

Two days after McNair filed his present motion, attorney Thomas O'Malley of the Northern Indiana Public Defenders Office, who has represented McNair at various times over the years, filed his notice of appearance in this case (DE 263). There was no activity in the case for a number of months so on October 26, 2017, the Court entered an order directing the Public Defender "to file a notice with the Court, within 30 days of the date of this Order, notifying the Court if their office intends to represent the defendant in litigating the motion for reduction of sentence or, if not, their reason for declining to do so (for example, if the Public Defender concludes that the motion lacks merit)." Court Order (DE 264). The Public Defender timely filed that Notice to the Court on November 27, 2017, indicating that their office had concluded that McNair's motion was meritless. Notice to the Court (DE 265). One day later the Public Defender filed a Motion to Withdraw as Attorney (DE 266). When he learned that the Public Defender was seeking to withdraw, McNair filed a *pro se* memorandum in support of his motion (DE 267). That memorandum contained much more detail and many more factual assertions concerning the issue presented than did McNair's original motion. The Court concluded after reviewing McNair's memorandum "that McNair has raised a potentially viable issue" regarding his sentence. Accordingly, the Court denied without prejudice the Public Defender's motion to withdraw, took McNair's motion under advisement, and instructed the Public Defender and the government to file briefs addressing McNair's argument. Court Order, Feb. 1, 2018 (DE 271). The government filed its response in opposition to McNair's motion (DE 272) and the Public Defender, armed with factual assertions that McNair had not provided in his original pleading,

2

filed a reply brief in support of McNair's motion (DE 273). Those briefs, together with McNair's own pleadings, elucidate the issues and the parties' arguments, and so this matter is ripe for resolution.

### II. McNair's motion is a "second or successive" petition under § 2255 over which this Court lacks jurisdiction.

McNair's motion raises two issues–a substantive one and a procedural one. The substantive issue is whether McNair is entitled to be resentenced based on the fact that he was able to obtain the vacatur of an Indiana state court conviction that was used to increase his federal sentence. (More specifically, the existence of the prior state court conviction resulted in McNair being sentenced as a Criminal History Category II rather than Category I, thereby increasing the applicable guideline range for his federal sentence in this case.) McNair relies on the Supreme Court decision in *Johnson v. United States*, 544 U.S. 295 (2005), to support his argument. In *Johnson*, the defendant was convicted of a federal drug charge in 1994 and was sentenced as a career offender based on prior state convictions. *Johnson*, 544 U.S. at 298. Johnson later obtained vacatur of one of his state convictions. He then filed a motion under § 2255 challenging his federal sentence since it was based in part on the finding that he was a career offender, which in turn had been based on his now-vacated state-law conviction. The district and appellate courts held that the petition was barred by § 2255's one-year statute of limitations but the Supreme Court disagreed, holding that the limitations period began to run when Johnson received notice of the order vacating his prior state court conviction. *Id*. at 302. "In other words, as the Seventh Circuit has put it, *Johnson* held that vacatur of an underlying conviction is a new 'fact' that opens a one-year window to seek collateral relief." *United States v.*

*Stevenson*, 227 F.Supp.3d 953, 956-57 (N.D. Ill. 2016) (citing *Unthank v. Jett*, 549 F.3d 534, 535 (7th Cir. 2008)). The Court in *Johnson* also imposed a concomitant requirement on petitioners: not only must a petitioner seek and obtain vacatur of his state court conviction, he must also "exercise 'due diligence' in seeking that vacatur." *Johnson*, 544 U.S. at 302. If a prisoner meets those two requirements he can then present his claim for resentencing in a § 2255 motion, even if the motion is filed long after the expiration of the one-year statute of limitations imposed in § 2255(f)(1). This makes eminent sense, of course, since a federal prisoner would not even have a ripe *Johnson* claim until he obtains vacatur of his underlying conviction from the state court, which he might not be able to get soon enough to meet the general one-year limitation period for filing a § 2255 motion. As long as the prisoner used "due diligence" in seeking and obtaining that vacatur, his motion would be deemed timely pursuant to the equitable tolling provision in § 2255(f)(4).[2] McNair insists he used due diligence in obtaining the vacatur of his state court conviction, even though he did not obtain that vacatur until January 12, 2017–fourteen years after he was sentenced by this Court and 12 years after the expiration of the one-year limitation provision of § 2255(f)(1).[3]

---

[2] Subsection 2255(f)(4) provides that "A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from . . . (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

[3] McNair was sentenced on July 22, 2003 (DE 114), the Seventh Circuit affirmed his conviction on January 8, 2004 (*McNair v. U.S.*, 85 Fed.Appx. 532 (7th Cir. 2004)), and the U.S. Supreme Court denied his writ of certiorari on May 17, 2004 (*McNair v. United States*, 541 U.S. 1052 (2004)). Accordingly, the one-year limitation period in § 2255(f)(1) expired in McNair's case on May 17, 2005.

The procedural issue raised by McNair's motion, which is dispositive for present purposes, is whether this Court has jurisdiction to entertain the motion in the first place. The government insists that because McNair already filed a timely § 2255 motion in 2005, "[t]his filing by McNair . . . is a second or successive motion over which this Court has no jurisdiction." Government's Response in Opposition (DE 272), p. 1. A motion under § 2255 is ordinarily the "exclusive means for a federal prisoner to attack his conviction." *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). "And, a prisoner is generally limited to bringing only one motion under § 2255. A prisoner may not file a 'second or successive' motion unless a panel of the appropriate court of appeals certifies that such motion contains either 1) newly discovered evidence 'sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense,' or 2) 'a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.'" *Neely v. Werlich*, 2018 WL 2364841, at *1 (S.D. Ill. May 24, 2018) (quoting 28 U.S.C. § 2255(h)). Therefore, McNair must obtain leave from the Seventh Circuit Court of Appeals to file a second or successive petition under § 2255. *See Nuñez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996) ("A district court must dismiss a second or successive petition . . . unless the court of appeals has given approval for its filing."); *United States v. Carraway*, 478 F.3d 845, 849 (7th Cir. 2007) ("Unless and until the movant seeks and obtains permission from the court of appeals to file [a second or successive] motion, the district court is without jurisdiction to entertain his request.").

There are exceptions to this rule barring second or successive petitions and McNair contends his case fits under one of them. In limited circumstances, a prisoner can bring a *second in time* habeas petition that is *not* considered "second or successive" under § 2244 and therefore

the petitioner would not need to obtain leave from a circuit court to file it. Many courts in other jurisdictions agree and have ruled that federal prisoners who file a second § 2255 petition that raises a claim that *was not ripe* at the time the prisoner filed his first petition are not barred from presenting the second one to the sentencing court. In the Seventh Circuit, however, this exception is not available, or so this Court concludes based on its reading of recent Seventh Circuit decisions addressing the issue. At the very least, the applicable cases–including *Unthank v. Jett*, 549 F.3d 534 (7th Cir. 2008), *Purvis v. United States*, 662 F.3d 939 (7th Cir. 2011), and *United States v. Obeid*, 707 F.3d 898 (7th Cir. 2013)–do not provide a definitive answer to the question presented. Accordingly, the Court concludes that McNair's present petition under § 2255 is a "second or successive" petition and that this Court lacks jurisdiction to review it unless McNair first obtains leave from the Seventh Circuit to file it.

McNair insists that his motion is not a "second or successive" petition. He argues that *Johnson* opens a new window of opportunity for him to bring his present motion and that the *Purvis* case, which McNair insists is factually similar to his, confirms this. Memorandum in Support, p. 8. In *Purvis* the defendant was sentenced in federal court for conspiracy to distribute narcotics. *Purvis*, 662 F.3d 939. His federal sentence was enhanced on the basis of prior state court convictions and Purvis was sentenced as a career offender on June 5, 2006. *Id.*, p. 940. The Seventh Circuit dismissed Purvis's appeal of his sentence on December 7, 2006, and the U.S. Supreme Court denied his writ of certiorari on October 1, 2007. *Id.* Meanwhile, on August 20, 2007, "Purvis filed a motion in state court to vacate one of the two prior convictions underlying his career-offender sentence." *Id.*, p. 941. Purvis "next filed a timely motion pro se under . . . § 2255 challenging his federal sentence on the basis of a variety of ineffective assistance claims. In

that motion, Purvis also referenced his then ongoing suit to vacate a state conviction[.]" *Id.* "On

June 30, 2009, the Illinois circuit court entered an order vacating Purvis's state conviction[.]" *Id*.

The district court denied Purvis's motion as untimely, given that it was filed well beyond the

one-year statute of limitations in § 2255(f), but the Seventh Circuit reversed, holding that "[i]n

*Johnson v. United States*, the Supreme Court held that the state court's vacatur of a predicate

conviction is a new 'fact' that triggers a fresh one-year statute of limitations under § 2255(f)(4),

so long as the petitioner exercised due diligence in seeking that order. . . . Thus, *Johnson*

established that the basis for a claim challenging a sentence predicated on faulty state convictions

arises when the order vacating those predicate convictions issues. . . . The [state court] vacatur

order gives a defendant both the basis to challenge the enhanced sentence and a new one-year

period in which to pursue that challenge." *Purvis*, 662 F.3d at 942 (internal citations to *Johnson*

omitted). The government doesn't challenge the timeliness of McNair's petition–he filed it

within one year of the vacatur of his state conviction–but insists that McNair's motion is a

"second or successive" petition that he cannot file until he obtains permission to do so from the

Seventh Circuit.

Again, McNair's argument that his current motion is *not* a second or successive petition

and that he should be permitted to present his substantive argument for resentencing to this Court

finds much support in case law, but not in this circuit. McNair is correct that *Johnson* provided

him with a new one-year statute of limitations in which to raise this issue, but neither *Johnson*

nor *Purvis* excuse him from the prohibition against filing a second or successive petition under §

2255. The *Purvis* case is distinguishable because the issue in that case did not involve a "second

or successive" petition, but rather a prisoner's right to seek a stay of his *first* motion under § 2255

until his *Johnson* claim became ripe. In this case, McNair's claim was already ripe when he filed

his motion–the question is whether he can bring that claim in a "second or successive" habeas

proceeding. In *Purvis*, the Seventh Circuit explained its holding as follows:

> The Eleventh Circuit recently addressed this issue in *Stewart v. United States*, 646
> F.3d 856 (11th Cir. 2011). It concluded that the petitioner's *Johnson* claim was
> not "second or successive" within the meaning of the gatekeeping provisions of §
> 2244(b)(2). *See id.* at 863-64. In *Stewart*, the petitioner was sentenced as a career
> offender. He then filed a § 2255 motion requesting additional time to file a § 2255
> motion and expressed his intention to raise an ineffective assistance claim. *Id.* The
> state court then vacated his predicate state conviction, and he promptly filed a
> second § 2255 motion, asserting a *Johnson* claim. *Id.* at 858. The Eleventh
> Circuit, applying the Supreme Court's reasoning in *Panetti v. Quarterman*, 551
> U.S. 930, 127 S.Ct. 2842, 168 L.Ed.2d 662 (2007), declined to literally interpret
> AEDPA's "second or successive" language and concluded that the petitioner
> properly raised his *Johnson* claim in his second § 2255 motion when it first
> became ripe. *Id.* at 864.

> In *Panetti*, the petitioner filed a federal habeas petition that challenged his
> conviction but did not assert a *Ford* [competency] claim. 551 U.S. at 937, 127
> S.Ct. 2842. The district court denied his petition on the merits. *Id.* The petitioner
> then filed a second habeas petition alleging, for the first time, that he was
> incompetent to be executed. *Id.* at 938, 127 S.Ct. 2842. The Supreme Court
> granted certiorari to decide whether that petition constituted an improper "second
> or successive" habeas application under § 2244(b). *Id.*

> The Court held that the petition was not "second or successive" within the
> meaning of § 2244(b) because "Congress did not intend the provisions of AEDPA
> addressing 'second or successive' petitions to govern a filing in the unusual
> posture presented here: a § 2254 application raising a *Ford*-based incompetency
> claim filed as soon as that claim is ripe." *Id.* at 945, 127 S.Ct. 2842. The Court
> further reasoned that "[a]n empty formality requiring prisoners to file unripe *Ford*
> claims neither respects the limited legal resources available to the States nor
> encourages the exhaustion of state remedies." *Id.* at 946, 127 S.Ct. 2842.
> Accordingly, the Court declined to construe AEDPA, which Congress
> "implemented to further the principles of comity, finality, and federalism, in a
> manner that would require unripe (and, often, factually unsupported) claims to be
> raised as a mere formality, to the benefit of no party." *Id.* at 947, 127 S.Ct. 2842.

> Besides *Panetti*, the Supreme Court's earlier decision in *Rhines v. Weber* also
> addressed the present difficulty faced by Purvis. 544 U.S. 269, 125 S.Ct. 1528,

161 L.Ed.2d 440 (2005). In *Rhines*, the Court examined the combined effect of AEDPA's one-year statute of limitations period and *Lundy*'s dismissal requirement for habeas petitions mixed with unexhausted and exhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 518-19, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). The Court observed:

> . . . [P]etitioners who come to federal court with "mixed" petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims. If a petitioner files a timely but mixed petition in federal district court, and the district court dismisses it under *Lundy* after the limitations period has expired, this will likely mean the termination of any federal review. *Rhines*, 544 U.S. at 275, 125 S.Ct. 1528.

> Specifically, the Court considered "whether a federal district court has discretion to stay [a] mixed petition to allow the petitioner to present his unexhausted claims to the state court in the first instance, and then to return to federal court for review of his perfected petition." 544 U.S. at 271-72, 125 S.Ct. 1528. It concluded that the district courts indeed possess such discretion. In appropriate but limited circumstances, therefore, the Court concluded that the "stay and abeyance" procedure used by the district court in the case before it was proper.

> . . .

> We see no reason why Purvis's unripe career-offender claim should be treated as fundamentally different than an unexhausted habeas claim when considering whether a stay is proper. *We are reluctant to find that a ripe Johnson claim brought for the first time in a second § 2255 motion is not "second or successive."* . . .

*Purvis*, 662 F.3d at 942-45 (italics added). The government seizes on that last sentence, arguing that it is the end of the debate and that McNair cannot bring this habeas action without obtaining permission from the appellate court. The Court is not convinced the answer is that black and white, especially in light of language in *Obeid* that seems to reject the dicta in *Purvis* (as discussed below). Before addressing this sticky wicket, though, the Court must explain why McNair's reliance on *Purvis* is misplaced.

McNair's circumstances are fundamentally different than those in *Purvis*. First, as already noted, the petition at issue in that case was Purvis's first motion under § 2255, not a second or successive one, and the Seventh Circuit held only that Purvis was entitled to a stay of his motion until his *Johnson* claim became ripe, not that he could bring that claim in a second or successive petition. In short, *Johnson* provides McNair with a substantive claim, but *Purvis* does *not* provide him a procedural avenue to bring it–at least not directly to this Court.

McNair's argument likely would be a winning one in other jurisdictions. The following opinion from a district court in Pennsylvania, for example, summarizes the Third Circuit's analysis and conclusion on this issue:

> The question presented is whether Defendant's § 2255 Motion–in which defendant challenges a career-offender determination on the basis of a state conviction vacatur that occurred after the filing of defendant's first, unrelated habeas motion–is a "second or successive" habeas motion. The government argues that § 2255(h)(1)'s limitation on successive motions bars Defendant's § 2255 Motion because there is no evidence that defendant was innocent of the crime of which he was convicted; rather, defendant argues only that the vacatur of the New Jersey Conviction renders his sentence too long. For the reasons that follow, Defendant's § 2255 Motion is not a "second or successive" motion and thus, § 2255(h) does not apply.

> At the outset, the Third Circuit has already ruled that this is not a second or successive habeas motion. In its January 26, 2012, Order transferring Defendant's § 2255 Motion to this Court, the Third Circuit stated:

>> The foregoing application under 28 U.S.C. § 2244 to file a second or successive 28 U.S.C. § 2255 motion is denied as unnecessary. . . . [I]t appears that [defendant's] proposed § 2255 motion rests on facts that were not available when he filed his first § 2255 motion in federal court. If so, and we stress that the District Court is free to make further inquiries into that question, the proposed motion would not be "second or successive" under 28 U.S.C. § 2255(h).

> As explained above, . . . on the present state of the record, Defendant's § 2255 Motion rests on a fact–the vacatur of the New Jersey Conviction–that was not

known to him until November 9, 2009, well after defendant filed his first § 2255 motion. Thus, as stated in the Third Circuit's January 26, 2012, Order, Defendant's § 2255 Motion is not a second or successive habeas motion under § 2255(h).

. . . The [Third Circuit's] Order cited two cases that the [Court] deemed applicable to this situation. In the first, *Stewart v. United States*, 646 F.3d 856 (11th Cir. 2011), the Eleventh Circuit confronted a situation similar to this case–a habeas motion based on the vacatur of a state-court conviction that was filed years after an unrelated prior habeas motion. The opinion in that case began by noting that, "[p]articularly when a petitioner raises a claim that could not have been raised in a prior habeas petition, courts have forgone a literal reading of 'second or successive.'" *Id*. at 860. The *Stewart* court then held, "Because the basis for [defendant's] *Johnson* claim did not exist before his proceedings on his initial § 2255 motion concluded, [defendant's] numerically second motion is not 'second or successive,' and § 2255(h)'s gatekeeping provision does not apply." *Id*. at 865.

The second case . . . cited was a 2005 Third Circuit case, *Benchoff v. Colleran*, which held that § 2255(h) bars only claims that could have been raised in a prior habeas motion. *See* 404 F.3d 812, 817 (3d Cir. 2005) ("'[A] prisoner's application is not second or successive simply because it follows an earlier federal petition.'") (quoting *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)). This narrow reading of § 2255(h) is in line with the reasoning in *Stewart*, which also declined to read "second or successive" in AEDPA literally.

The government acknowledges *Stewart*'s application to this case but points out that the Seventh Circuit came to the opposite conclusion in *Unthank v. Jett*. In *Unthank*, the court held that a defendant's motion in a case similar to this one was a second or successive motion and thus barred by § 2255(h)'s limitation because the defendant could not prove actual innocence. 549 F.3d 534, 536 (7th Cir. 2008). *Unthank* is unpersuasive for a number of reasons. First, the Third Circuit did not cite *Unthank* in its . . . Order and instead relied on *Stewart*. Second, *Unthank* is contrary to the Third Circuit's general holding in *Benchoff* that § 2255(h) should be applied narrowly. Finally, this case is distinguishable from *Unthank*. As the *Stewart* court explained in a footnote, "[t]he Seventh Circuit [in *Unthank*] faced what was the latest of a long series of Unthank's post-conviction challenges. He had most certainly abused the writ, and this fact informed the court's decision. There was no such abuse in this case.[4] Stewart attempted to seek

_____

[4] In the case at bar, the government is quick to point out that McNair not only filed his original § 2255 motion in 2005, but also filed multiple additional motions over the years attacking the validity of his conviction or the length of his federal sentence. Government's Response, pp. 4-6. This Court denied almost all of those motions–many on the basis that they

habeas relief only twice–once in 2004, and once in 2008 after he obtained the vacatur of his predicate state convictions." *Stewart*, 646 F.3d at 863 n. 14 (citations omitted). Similarly, in this case, defendant has sought habeas relief only twice–once in 2006 and once in 2009 after he obtained the vacatur of his predicate state convictions. Thus, this case is more like *Stewart* than *Unthank*.

Defendant filed his first habeas motion on May 12, 2006. That was more than three years prior to the vacatur of his New Jersey Conviction. Thus, he could not possibly have included in his prior habeas motion the claim presented in the pending § 2255 motion. For this reason, the Court concludes, separate and apart from the Third Circuit's . . . Order, that the instant motion is not a "second or successive" motion and § 2255(h) does not apply.

*United States v. Bass*, 864 F.Supp.2d 353, 359-61 (E.D. Pa. 2012); *see also, United States v. Foley*, 273 F.Supp.3d 562 (W.D. Pa. 2017) (holding that petitioner's second-in-time motion under § 2255, which was based on vacatur of state convictions years after petitioner's federal sentence, "constitute[d] a non-successive § 2255 motion, making the provisions of § 2255(h) inapplicable.").

The Fourth Circuit also rejected *Unthank* when it addressed this issue. In *United States v. Hairston*, 754 F.3d 258 (4th Cir. 2014), the appellate court explained and held as follows:

---

constituted second or successive motions under § 2255 and so this Court lacked jurisdiction to entertain them. *Id*. (One of McNair's attempts was successful. As the government notes, "On November 3, 2014, McNair filed yet another Motion to Reduce Sentence, this time pursuant to Amendment 782, and again was appointed counsel. . . . By agreement of the parties, McNair's sentence was reduced pursuant to Amendment 782 in accordance with 18 U.S.C. § 3582(c)(2) from 360 months to 280 months imprisonment.") The government also points out that this Court issued an order in 2009 sanctioning McNair for repeatedly filing legally frivolous motions. The government states that "[s]o many of McNair's filings were either deemed to be legally insufficient or frivolous that the District Court was compelled to enter an order sanctioning him and restricting his future filings which it did on July 13, 2009." Government's Response, p. 6 (citing Court's Orders at DE 220 and 271). While the government does not expressly state it, the implication is that McNair, like Unthank, has abused the writ and should not be permitted to bring his present motion for that reason. This argument, though, obviously goes to the merits of McNair's claim, which as the government correctly argues, this Court lacks jurisdiction to address.

The district court held that because Hairston had failed to get the requisite certification from this Court, his motion must be denied. Hairston argues that his motion should not be considered within § 2255(h) at all, as it is not truly a "second or successive petition." Other circuits have considered the question of whether a motion is second or successive when the grounds for challenging the movant's sentence did not exist at the time he filed his first motion to vacate, specifically in the context of asking to reopen a federal sentence after the vacatur of a state conviction. Both the Tenth and Eleventh Circuits have held that such motions are not second or successive. *In re Weathersby*, 717 F.3d 1108, 1111 (10th Cir. 2013); *Stewart v. United States*, 646 F.3d 856, 863-65 (11th Cir. 2011).

In *Stewart*, the movant filed a numerically second § 2255 motion requesting vacatur of his career offender enhancement after a Georgia state court vacated a predicate state conviction. *Stewart*, 646 F.3d at 858. The court there began with a discussion of *Johnson v. United States*, 544 U.S. 295, 302, 125 S.Ct. 1571, 161 L.Ed.2d 542 (2005), which held that the vacatur of a state conviction constituted a new fact, restarting the one-year statute of limitations on § 2255 motions. The *Stewart* court then pointed to a decision from the Fifth Circuit, which held that "'[i]f . . . the purported defect did not arise, or the claim did not ripen, until after the conclusion of the previous petition, the later petition based on that defect may be non-successive.'" 646 F.3d at 861 (quoting *Leal Garcia v. Quarterman*, 573 F.3d 214, 222 (5th Cir. 2009)). The Eleventh Circuit rejected the Government's argument that Stewart should have simply waited to file his first § 2255 motion as "untenable," stating that such an approach would "force petitioners like Stewart to choose between claims available immediately–such as claims alleging ineffective assistance of counsel–and those available only later–such as *Johnson* claims." *Id.* at 864. Accordingly, the court held that "because attempting to raise his *Johnson* claim in his initial § 2255 petition would have been an empty formality, Stewart was permitted to raise it in a second, diligently pursued § 2255 motion." *Id.* at 865.

The Government urges us to reject *Stewart* and its cousin, *Weathersby*, instead pointing to *Unthank v. Jett*, 549 F.3d 534, 535 (7th Cir. 2008). There, the Seventh Circuit held that even though the vacatur of a state conviction constituted a "new fact" under *Johnson*, it was still insufficient under the requirements of § 2255(h) for considering a second or successive motion. *Id.* at 535. *Unthank* is inapposite, however; the court there did not even consider the baseline argument that Unthank's motion should not be considered second or successive. Indeed, subsequent case law indicates that the view of the Seventh Circuit is actually aligned with those of the Tenth and Eleventh circuits. *See United States v. Obeid*, 707 F.3d 898, 903 (7th Cir. 2013) ("Seeing no reason to part ways with our sister circuits, however, we join them in concluding that a petition or motion based on a claim that did not become ripe any earlier than until after the adjudication of the

petitioner's first petition or motion is not 'second or successive' within the meaning of Sections 2244 and 2255(h).").[5]

In any event, we are persuaded by the reasoning of our colleagues in the Tenth and Eleventh Circuits. As we have previously recognized, "it is settled law that not every numerically second petition is a 'second or successive' petition within the meaning of the AEDPA." *In re Williams*, 444 F.3d 233, 235 (4th Cir. 2006) (§ 2254 case); *see also Panetti v. Quarterman*, 551 U.S. 930, 942–47, 127 S.Ct. 2842, 168 L.Ed.2d 662 (2007) (holding that a numerically second § 2254 habeas petition is not governed by the strictures of § 2244(b)(2) on second or successive petitions where the claim was not ripe at the time of the initial petition). Indeed, we have allowed a numerically second § 2255 motion where the claim arose at a resentencing hearing afforded to a movant as a result of his first § 2255 motion. *In re Taylor*, 171 F.3d 185, 187-88 (4th Cir. 1999). There, we acknowledged that "a claim which did not arise until after a prior petition was filed" should not be "barred as 'second or successive.'" *Id*. at 187. The same principles apply here.

In light of our own precedents, we find the reasoning of *Stewart* and *Weathersby* compelling. We hold, therefore, that a numerically second § 2255 motion should not be considered second or successive pursuant to § 2255(h) where, as here, the

---

[5] The government addresses *Obeid* in its brief but disagrees with the Fourth Circuit's assessment that it "aligned" Seventh Circuit law on this issue. The government states as follows:

> The government is aware of *United States v. Obeid*, 707 F.3d 898, 901 (7th Cir. 2013) which found that a second § 2255 premised on the government's failure to file a Rule 35(b) motion for reduction of a sentence was not yet ripe or available and was not successive. *Id.* at 901-2. This case is distinguishable because the filing of a Rule 35 can only happen post sentencing. While acknowledging it had not yet applied a ripeness rule for determining whether a petition is second or successive, the 7th Circuit opted to leave that consideration for another day. The Court did determine it could not grant the defendant any relief because he had not acted with diligence in waiting a year and a half to file his motion and he was doomed by a lack of support for his position. *Id*. at 903-04.

Government's Response, p. 11, n. 10. The government further contends that "[t]he points [McNair's state court] conviction received went into determining a criminal history category, and the sentence he received was within the statutory limits. The conviction did not 'enhance' McNair's sentence as a conviction would were it used to make him a career offender or armed career criminal." *Id*. While the language in *Obeid* seems to reject *Unthank*, the cases are quite different factually. More importantly, the Seventh Circuit in *Obeid* distinguishes *Purvis* and does not so much as mention *Unthank*, let alone explain whether *Obeid* trumps it or under what factual circumstances it does so.

facts relied on by the movant seeking resentencing did not exist when the numerically first motion was filed and adjudicated. Here, Hairston's claim was unripe at the time his numerically first motion was adjudicated. Accordingly, in light of the subsequent vacatur of his state No Operator's License conviction, which contributed to the original guidelines calculation of his federal sentence, his motion was not successive.

*United States v. Hairston*, 754 F.3d 258, 261-62 (4th Cir. 2014); *see also, id*. at 262, n. 4 (quoting *United States v. Buenrostro*, 638 F.3d 720, 725 (9th Cir. 2011) ("allowing a numerically second § 2255 motion as '[p]risoners may file second-in-time petitions based on events that do not occur until a first petition is concluded'"); *In re Jones*, 652 F.3d 603, 605 (6th Cir. 2010) ("allowing a numerically second § 2244 motion as 'Jones's ex post facto claim was unripe when his initial petition was filed–the events giving rise to the claim had not yet occurred.'")).

But while McNair's argument finds support in cases from other jurisdictions, this Court concludes that the law in this circuit, as set forth in *Unthank*, dictates the outcome today. The government argues that "[t]he Seventh Circuit has specifically held that a § 2255 based on the vacatur of a state conviction after the previous filing of a § 2255, constitutes a 'second or successive' motion. *Unthank*, 549 F.3d at 535; *Jackson v. United States*, 463 F.3d 635, 639 (7th Cir. 2006)*; cf. Purvis v. United States*, 662 F.3d 939, 943-45 (7th Cir. 2011) ('We are reluctant to find that a ripe *Johnson* claim brought for the first time in a second § 2255 motion is not 'second or successive.')." Government's Response, p. 11. The Seventh Circuit explained its reasoning and holding in *Unthank* as follows:

> More than a decade ago, we affirmed Kevin Unthank's conviction and 262-month sentence for violating federal drug laws. *United States v. Unthank*, 109 F.3d 1205 (7th Cir. 1997). Ever since, he has been trying to have the conviction vacated or the sentence reduced. In 1998 he filed a motion under 28 U.S.C. § 2255; it was denied. In 2001 he sought leave from this court to commence a second collateral attack; that request was denied. In 2002, after his transfer to a federal prison in

15

Kentucky, Unthank filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. That petition was dismissed because the remedy under § 2255 is exclusive. *Unthank v. Sanders*, No. 02-CV-56-HRW (E.D. Ky. June 28, 2002). Next Unthank asked the sentencing court (in the Southern District of Illinois) to "correct the presentence report"; the judge saw this as a thinly disguised collateral attack, *see Gonzalez v. Crosby*, 545 U.S. 524, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005), and dismissed it as an unauthorized successive petition. After his 2007 transfer to a prison in Indiana, Unthank tried yet again. He filed a § 2241 petition in the Southern District of Indiana, which agreed with the Eastern District of Kentucky and dismissed the petition, leading to this appeal.

Unthank believes that he is entitled to a reduced punishment because, after sentence was imposed in his federal case, one of his state convictions was vacated. Recalculating his criminal history in light of the state court's decision would (or at least could) have led to a lower federal penalty. The Supreme Court concluded in *Johnson v. United States*, 544 U.S. 295, 125 S.Ct. 1571, 161 L.Ed.2d 542 (2005), that the post-sentencing vacatur of a state conviction that affected the federal sentence may in principle support relief under § 2255. Moreover, the Court held in *Johnson*, vacatur is a new "fact" that opens a one-year window to seek collateral relief. *See* 28 U.S.C. § 2255(f)(4).

But Unthank's collateral attack in 1998 blocks access to the kind of review authorized by *Johnson*. Section 2255 allows only one collateral attack unless the prisoner meets the conditions in § 2255(h): "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Unthank does not rely on a new rule of constitutional law, and the vacatur of his state conviction, although a new "fact" under *Johnson*, is not one that shows him innocent of the drug crime. So, as we concluded in 2001, Unthank cannot use § 2255(h) to proceed a second time under § 2255.

*Unthank v. Jett*, 549 F.3d 534, 535 (7th Cir. 2008).

McNair argues that "*Unthank* is not the final word on this subject. In 2011, the Seventh Circuit issued its decision in *Purvis v. United States*, 662 F.3d 939 (7th Cir. 2011). In *Purvis,* the Seventh Circuit addressed an issue very similar to the issue at bar. . . . McNair is in the same position as was Purvis. As the Seventh Circuit noted: 'Purvis, and similarly-situated petitioners,

16

are faced with a catch-22. If he waits to file his § 2255 motion until his career-offender claim is ripe–i.e., after vacatur of his state conviction, he risks that any other claims that he could have brought, such as ineffective assistance, will be time-barred.'" Petitioner's Reply, pp. 3-4 (quoting *Purvis*, 662 F.3d at 943).

The Court understands that McNair and similarly situated prisoners face this dilemma, but concludes that *Unthank* is the final word, since the Seventh Circuit has not rejected *Purvis* or *Unthank*. The Seventh Circuit acknowledged the "catch-22" issue in *Purvis*, but as the government points out, the appellate court also indicated that it was "reluctant to find that a ripe *Johnson* claim brought for the first time in a second § 2255 motion is not 'second or successive.'" That dicta doesn't resolve the issue, seeing as it is equivocal, but it also doesn't change the holding in *Unthank*, which the Court concludes is controlling.

### III. Certificate of Appealability.

Where a federal court enters a final order adverse to the petitioner, "the district court must issue or deny a certificate of appealability." Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts. To obtain a certificate, the petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As another district court explained:

> "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." When a district court denies a petition on procedural grounds, in order to obtain a certificate, the petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. at 478.

*Gilliam v. United States*, 2018 WL 3129304, at *2 (C.D. Ill. June 26, 2018). *See also*, 28 U.S.C.

§ 2253(c) (providing that an appeal may not be taken to the court of appeals from the final order

in a § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability);

*Sveum v. Smith*, 403 F. 3d 447, 448 (7th Cir. 2005) (a certificate of appealability is required to

appeal a district court's dismissal of a motion on the ground that it is an unauthorized, successive

collateral attack). "A certificate of appealability may issue only if the petitioner 'has made a

substantial showing of the denial of a constitutional right.' 28 U.S.C. § 2253(c)(2). In addition,

when a § 2255 motion is denied on procedural grounds, a certificate of appealability should issue

only when the petitioner shows that reasonable jurists 'would find it debatable whether the

district court was correct in its procedural ruling.'" *Jackson v. United States*, 2017 WL 3087239,

at *3 (C.D. Ill. July 20, 2017) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)); *Locklear

v. Champagne*, 2007 WL 858641, at *2 (E.D. Wis. Mar. 19, 2007) ("the request for a certificate

of appealability is granted as to the question of whether the petition should have been dismissed

as a second or successive petition[.]").

McNair asserts that his underlying state court conviction was "invalid because he had

involuntarily pled guilty and received a sentence greater than his statutory maximum, but also

because Petitioner did not waive his right to counsel and was not represented by counsel when

the State of Indiana accepted Petitioner's plea and sentenced him to 180 days to be suspended[.]"

Memorandum in Support, p. 20. McNair insists that "if the State of Indiana had not deprived

Petitioner of his Constitutional right to counsel as guaranteed by the Sixth Amendment, then

more likely than not, the court appointed counsel would have prevented Petitioner from serving a

sentence greater than one authorized by law and from entering an involuntary plea." *Id*. (citations

omitted). The government takes issue with McNair's version of the facts regarding his state conviction and the subsequent vacatur, contending as follows:

> McNair was arrested for this offense May 17, 1992, and after voluntarily waiving his right to counsel, pled guilty on December 11, 1992. . . . His suspended sentence was revoked when he failed to complete the community service and a sentence of 180 days in the Allen County Jail was ordered concurrent with another case for false informing and carrying a handgun without a permit[.] . . . McNair's assertions that he did not voluntarily waive his right to counsel is contrary to the record. McNair was not innocent of the charge, his challenge was to the sentence, but he was not "actually innocent of the sentence" as he claims.

Government's Response, pp. 2-3, n. 3 (citations to docket entries omitted). According to the government, then, McNair did not truly suffer a "denial of a constitutional right" and therefore is barred from pursuing this latest motion. The Court need not and cannot resolve this debate; first, because doing so would require examining the merits, and second, because McNair's allegations are sufficient in themselves–at least at this juncture–to "at least state[] a claim for denial of a constitutional right, which is all that is required for a COA to issue when the petition has been denied on procedural grounds." *Locklear v. Champagne*, 2007 WL 858641, at *1. In *Locklear*, the district judge wrote as follows:

> As noted earlier, in addition to considering the procedural basis for my denial of the petition, I must also consider whether the underlying petition states a claim for the denial of a constitutional right. In his COA request, petitioner has not advanced any argument supporting a substantial showing of a constitutional right, but the argument can be presumed from the petition itself and his brief in support. In the petition, he asserts he was denied counsel at his revocation hearing in [his state court case]. In actuality, his gripe was with the Office of the State Public Defender, who denied him appointed counsel because it counted petitioner's wife's income when calculating his ability to pay. If petitioner was truly unable to afford counsel and counsel was denied to him, he would not have "waived" the right to counsel. On the other hand, it appears that petitioner never appealed the public defender's financial ineligibility decision, and so there is hardly a record on which to assess blame. *Ultimately, however, the petition at least states a claim for denial of a constitutional right, which is all that is required for a COA to issue*

19

*when the petition has been denied on procedural grounds*.

*Locklear*, 2007 WL 858641, at *1 (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)) (italics added). Accordingly, notwithstanding the potential pitfalls McNair might face on the merits of his claim, this Court concludes that a certificate of appealability should issue in this case as set out below.

## CONCLUSION

For the reasons set out above, the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed by petitioner Tyrus McNair on April 12, 2017 (Docket Entry 262) is DISMISSED FOR LACK OF JURISDICTION.

The Court also concludes that reasonable jurists could differ on the issue of whether McNair's most recent motion is an unauthorized successive petition. While the Court has concerns about the merits of McNair's claim, especially as to the "due diligence" issue, it cannot conclude that his most recent motion to vacate is *not* a second or successive and so must dismiss it for lack of jurisdiction. For these reasons, the Court DISMISSES McNair's § 2255 motion for lack of jurisdiction, DIRECTS the Clerk of Court to enter judgment accordingly, and GRANTS a certificate of appealability on the following issue:

> Whether McNair's most recent § 2255 motion is a "second or successive" motion under § 2255(h) such that he should be prohibited from raising his *Johnson* claim unless he first obtains approval from the Seventh Circuit Court of Appeals.

Finally, the Public Defender is instructed to file, within seven days of the date of this Order, either a renewed motion to withdraw or a notice to the Court of their intention to continue representing McNair.

Date: June 28, 2018.

   /s/   William C. Lee  

William C. Lee, Judge

U.S. District Court

Northern District of Indiana
